# MORALES & CINTRON ET AL.

### v.

# VICENTE RENTA.

---

### In Bankruptcy at Ponce.

### IN THE MATTER OF INVOLUNTARY BANKRUPTCY.

General Demurrers — Defective Pleading.

1. A demurrer or a motion defective under Federal practice is nevertheless a pleading, and, while it may be struck out, it cannot be treated as if not filed and a default entered accordingly.

Bankruptcy — Duty of Court.

2. Even if no pleading is filed, it is the duty of the court to examine the petition, and make an adjudication or dismissal.

Bankruptcy — Assenting to Sale.

3. Assenting to a sale of perishable goods in a suit already brought is not *per se* an action of bankruptcy under § 3 (3) of the bankruptcy act.

Bankruptcy — Judgment as to Proceeds of Sale.

4. Allowing a judgment to be taken by which the proceeds of any judicial sale are diverted to certain creditors at the expense of others is an act of bankruptcy.

Morales & Cintrón v. Renta.

Bankruptcy — Act.
5. A second act of bankruptcy during the progress of a case will not aid the filing of the original petition.

Opinion filed September 27, 1913.

*Mr. J. C. Seix* for petitioners.

*Mr. E. F. Colon* for defendant.

HAMILTON, Judge, delivered the following opinion:

On May 12, 1913, a petition was filed by Morales & Cintrón, Luchetti, Arcilagos & Company, and Francisco Forteza as creditors of Vicente Renta of Juana Diaz in the Ponce division, alleging that the defendant owed debts over $1,000, that they were creditors in excess of $500, and also alleging that the defendant, while insolvent, committed an act of bankruptcy in allowing a judgment by default on March 17, 1913, in a suit for $1,781.75 in the insular court at Ponce, and on April 24, 1913, joined in the petition of the plaintiff requesting a sale of the goods levied on. The defendant failed to vacate the alleged preference five days before the sale of so much of the goods as were perishable, which took place on the 28th day of April. To this the defendant filed a general demurrer on May 26, and the case was on June 28, 1913, submitted as it stood.

1. It is contended by the creditors that the paper filed by the defendant cannot be treated as a demurrer because it has no certificate of counsel or affidavit that it is not interposed for de-

lay under § 31 of the old equity rules, and cannot be treated as a motion to dismiss because it does not set out any facts and is not verified. Bankruptcy act, § 18c; Collier, Bankr. 7th ed. 351. Assuming, therefore, that the paper is neither the one thing nor the other, the creditors treat it as void, and under § 18 of the bankruptcy law ask for an adjudication of bankruptcy.

This court does not look upon general demurrers with favor, inasmuch as they do not call the attention of the court or of the opposing party to what defects are intended. Nevertheless, the court is not prepared to say that there has been no pleading filed. It may be defective, and it might be struck out upon motion, but, until a motion is made, the alleged demurrer cannot be treated as void, and a default has not occurred. It is true that the contrary is the practice under the local insular law, but this does not control in bankruptcy cases. The application for entry of a default, therefore, is denied. Bankruptcy law, § 18b.

2. It is to be noticed further that § 18e throws the duty upon the court to examine the petition, even if no pleading has been filed by the bankrupt, and make an adjudication or dismiss the petition. Collier, Bankr. 7th ed. 359.

3. Examining the petition, therefore, in the light supplied by the petitioner's counsel, it cannot be said that assenting to a sale of goods of a perishable nature is *per se* an act of bankruptcy under § 3 (3) of the bankruptcy act. This describes a bankrupt as one who has "suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having, at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference." [30 Stat. at L. 546, chap. 541, U. S.

Morales & Cintrón v. Renta.

Comp. Stat. Supp. 1911, p. 1493]. This is termed the "passive act of bankruptcy." Collier, Bankr. 72. The legal proceedings mentioned are those in a court of justice whereby the property of a debtor is seized and diverted from his general creditors. Collier, Bankr. 75. This is not necessarily the effect of a sale of perishable goods, as long as the money is held in the treasury of the court.

4. A sale of perishable goods may be proper at any time during the progress of the cause. A different question is raised under the bankruptcy law if the alleged bankrupt, while insolvent, allows a judgment to be taken by which the proceeds of a sale, whether of perishable goods or not, become liable to satisfy some creditors at the expense of others. The three requisites under this § 3 (3) are insolvency, preference by legal proceedings, and failure to discharge the same within five days before sale. Loveland, Bankruptcy, § 148, p. 321. (1) The insolvency in question would not be that at the time of the petition in bankruptcy, but insolvency at the time of suffering the preference, that is to say, March 17, 1913. The demurrer admits the allegations of the pleading demurred to, in this case the petition, which alleges that Renta "while insolvent committed an act of bankruptcy in that he did allow on the 17th day of March, 1913, a judgment by default," and allow execution to be levied. (2) The suffering a preference to be obtained by legal proceedings is also alleged in the petition. (3) There is greater question, however, as to the third requisite,—that of not setting aside the preference. Assenting to a sale of perishable goods is not per se failing to discharge a preference, as above seen; but assenting to such a sale when it has been preceded by a judgment, and the result of such sale is to put the money in court for the

Morales & Cintrón v. Renta.

satisfaction of this judgment, is a failure to discharge the preference.

5. The argument on behalf of the defendant is directed to the point that the final sale was not until May 23, and that the disaffirmance of the defendant could not have been earlier than five days previous, that is, May 18, which was before the filing of the petition, and consequently the petition was filed prematurely. It may well be that this constituted a second act of bankruptcy, but the earlier sale for the purpose of satisfying the judgment was sufficient to support the petition in this cause.

It follows, therefore, that the demurrer must be overruled, an adjudication of bankruptcy and a reference made to the referee. It is so ordered.